RECEIVED
AUG - 5 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

William Shane Giles, et al. — Civil Action No. 6:03-CV-2193

versus — Judge Tucker L. Melançon

Goodwill Industries of Acadiana, Inc. — Magistrate Judge Mildred E. Methvin

# MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [Rec. Doc. 18] filed by defendant Goodwill Industries of Acadiana, Inc., plaintiff's opposition [Rec. Doc. 19], and defendant's reply [Rec. Doc. 26]. For the following reasons, defendant's motion will be granted.

## *I. Background*

This case arises from the termination of William Giles by his employer, Goodwill Industries of Acadiana, Inc. ("Goodwill"" hereafter) on July 18, 2002. Giles alleges that his termination was motivated by the fact that he is "disabled" as defined by the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq ("ADA" hereafter). Thus, as a disabled person, Giles argues that he should be afforded the protections against unjust discrimination guaranteed by the ADA. Because Giles' wife, Genora, was terminated contemporaneously with her husband, she also has filed

suit against Goodwill, claiming discrimination based on disability by association.

Goodwill now moves for summary judgment, requesting the Court find that no genuine issue of material fact exists with respect to Giles' allegation of wrongful termination based on his disability.

*II. Standard for Summary Judgment*

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc). When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Celotex Corp.*, 477 U.S. at 324.

Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. *Id.* The responding party may not rest on mere allegations made in the pleadings as a means of establishing a

genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Little*, 37 F.3d at 1075. If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

*III. Analysis*

In order to state a wrongful termination claim under the ADA, a plaintiff must show that she is (1) a disabled person as defined by the Act, (2) that she is able to perform the essential functions of her job, with or without reasonable accommodation, and (3) that the reason for termination was her status as a disabled person. 42 U.S.C. §§ 12101(a), 12111(8); *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024 (5th Cir.1999); *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir.1995). "Once the plaintiff has stated a prima facie case, the defendant must 'articulate some legitimate nondiscriminatory reason' for its action that adversely affected the employee." *Daigle*, 70 F.3d at 396 (citation omitted). The defendant "need not prove the legitimate reason, it must produce some evidence to support." *Id.* The burden then shifts to the plaintiff to produce evidence that creates a genuine issue of material fact as to whether those legitimate reasons were actually pre-textual. *Moore v. Eli*

*Lilly & Co.*, 990 F.2d 812, 815 (5th Cir.1993), cert denied, 510 U.S. 976 (1993). "[A] mere refutation of the employer's legitimate nondiscriminatory reason . . ." is not enough to create a genuine issue of material fact. *Id.*

The parties agree that Giles, who suffers from a form of muscular dystrophy called "Charcot Marie Tooth Disease," is qualified as "disabled" within the meaning of the ADA. The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

For Giles' claim to survive summary judgment, he must show that his disability was the reason for his termination. *Rizzo v. Children's World Learning Centers, Inc.*, 84 F.3d 758, 763 (5th Cir.1996) (noting that a plaintiff must show "an adverse employment decision was made solely because of disability"). Giles has not provided competent evidence to avoid summary judgment on this issue. Beyond his unsubstantiated allegations, Giles has provided no evidence in any form indicating that his disability was a factor in Goodwill's decision to terminate his employment.

The ADA requires that Giles show that an issue of fact exists regarding whether he was terminated because of his disability. The only evidence Giles offers

to show a connection between his alleged disability and his termination is that Goodwill and his supervisors were aware of his condition. However, evidence of an employer's knowledge, without more, cannot support a reasonable inference that an employee's disability served as the basis for his termination. *Scott,* 148 F.3d at 512. "A fact finder may not simply convert a condition that is necessary for a finding of liability [here, knowledge of Giles' disability] into one that is sufficient for such a finding." *Id.*

Assuming, *arguendo*, that Giles had established a prima facie case, Goodwill has rebutted any presumption of discrimination that might arise by providing a number of legitimate, nondiscriminatory reasons for Giles' termination. *See Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 253 (1981) (explaining the burden-shifting test). The burden is then shifted to Giles to prove that those reasons were in fact pre-textual. *Daigle*, 70 F.3d at 396 (*citing St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507 (1993)). Goodwill has offered testimonial evidence that establishes a variety of legitimate reasons for Giles' termination, unrelated to Giles' disability. In addition, Giles admits in his own deposition testimony that he felt there were reasons unrelated to his disability for why he was fired from his position and failed to be promoted.

Giles fails to set forth any fact or series of facts that, taken together, could lead

a reasonable jury to conclude that any of the adverse job related actions taken by Goodwill were related to his disability. The third element of a disability discrimination claim requires the claimant demonstrate that the adverse employment decisions and the disability are causally related. *Burch v. Coca-Cola Co.*, 119 F.3d 305, 320 (5th Cir.1997). Goodwill supports its motion for summary judgment with documentary evidence from their records concerning Giles' employment. These records demonstrate a pattern of Giles' unwillingness to perform his job functions, as well as Goodwill's consistent efforts to accommodate Giles by reducing his workload and siphoning tasks that should have been performed by someone in Giles' position to other employees and to outside contractors. Giles has failed to demonstrate that the legitimate business reasons proffered by Goodwill for both his termination, his wife's related termination, and the denial of any promotion are pretextual. Aldrup v. Caldera, 274 F.3d 282, 287 (5th Cir.2001) (affirming summary judgment where plaintiff failed to demonstrate defendant's proffered reasons for removal was pretextual). He therefore has not met his burden with regard to the third element of his claim.

William and Genora Giles have failed to produce evidence that the adverse employment decision in this case was motivated solely by William Giles' status as a disabled person. Goodwill has provided evidence of non-discriminatory reasons for

William Giles' termination. Accordingly, the Court will grant Goodwill's motion for summary judgment, and the Giles' sole remaining claims in this lawsuit, brought pursuant to the ADA, will be dismissed with prejudice.

*IV. Conclusion*

For the reasons stated above, the Court hereby grants Goodwill's Motion for Summary Judgment and William and Genora Giles' claims are dismissed with prejudice in their entirety.